Manuel PIGGUE, Plaintiff—Appellant,

v.

GLENDALE POLICE DEPT.; Randy Adams, Defendants,

and

Mark Mendoza, Defendant—Appellee.

No. 06–55087.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 1, 2007.

Ronald Grzywinsk, Esq., Law Offices of Varoujan Agemian, Glendale, CA, for Plaintiff–Appellant.

Ann M. Maurer, Esq., Glendale City Attorney's Office, Glendale, CA, for Defendants.

---

862

Before: PREGERSON, HAWKINS and FISHER, Circuit Judges.

## MEMORANDUM *

Manuel Piggue ("Piggue") appeals from the district court's denial of his motion for a new trial. He also challenges the sufficiency of evidence underlying the jury's verdict and what he alleges was an error in the special verdict form. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Piggue contends that it was improper for the trial court to dismiss his motion for a new trial, because the evidence was overwhelmingly in his favor. We afford "great deference to Rule 59 rulings from the district court," *Saman v. Robbins*, 173 F.3d 1150, 1154 n. 4 (9th Cir.1999), and strictly construe the requirement that only a record that contains no evidence in support of the verdict merits reversal. *See Landes Construction Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1372 (9th Cir. 1987).

■ Although Piggue presented testimony that could have led to a verdict in his favor, there was sufficient evidence to support the jury's verdict that Officer Mendoza's use of force was justified by an objectively reasonable belief that Piggue was about to attack Officer Chacon. The officers arrived at the scene in response to a disturbance call regarding a black male named Manny who had threatened drivers and slashed a delivery truck with a knife; Officer Comer testified that she had informed Officer Mendoza that she had searched and retrieved a knife from Pig-

gue when they arrived at the scene; Officer Mendoza testified that he had seen the knife while approaching Piggue; and Mendoza's expert witness testified that "the use of force was reasonable [and] well within the training and the guidelines of the Glendale Police Department and law enforcement in the State of California." There was not "an absolute absence of evidence to support the jury's verdict." *Molski v. Cable*, 481 F.3d 724, 729 (9th Cir.2007) (internal citations and quotation marks omitted).

Piggue also challenges the sufficiency of evidence underlying the jury's verdict. Piggue failed to move for a judgment as a matter of law after the verdict. As a result, we can at most review the jury's verdict only for plain error. *See* Fed. R.Civ.P. 50; *Janes v. Wal–Mart Stores, Inc.*, 279 F.3d 883, 888 (9th Cir.2002); *Saman*, 173 F.3d at 1154. Because we will reverse for plain error only if "there is an absolute absence of evidence to support the jury verdict," we deny Piggue's sufficiency of evidence claim for the reasons stated above. *Image Technical Services v. Eastman Kodak*, 125 F.3d 1195, 1212 (9th Cir.1997).

■ Finally, Piggue's failure to object to the special verdict form before the jury began its deliberations forecloses this claim on appeal. *See* Fed.R.Civ.P. 51(c); *Yeti by Molly Ltd. v. Deckers Outdoor Corporation*, 259 F.3d 1101, 1109 (9th Cir. 2001); *Voohries–Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713 (9th Cir.2001).

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.